IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC GORDON,** *et al.* | : | CIVIL ACTION |
| *Plaintiffs* | : | |
| | : | NO. 22-2424 |
| **v.** | : | |
| | : | |
| **MD F. MIA,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                           AUGUST 17, 2022

## MEMORANDUM OPINION

**INTRODUCTION**

      This matter arises out of an automobile accident in which Defendant MD F. Mia—an employee of Defendant United States Postal Service acting within the scope of his employment ("USPS")—allegedly rear-ended Plaintiffs Eric Gordon and Matthew Watson's (collectively, "Plaintiffs") vehicle.  The motor vehicle accident caused Plaintiffs to suffer injuries.  On May 17, 2021, Plaintiffs filed administrative claims with the USPS under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80, which was denied on February 23, 2022.  Thereafter, Plaintiffs filed a negligence action in the Philadelphia Court of Common Pleas for personal injury arising out of the automobile accident.  Defendants removed the matter to this Court pursuant to 28 U.S.C. § 1442(a)(1).  [ECF 1].

      Before the Court is Defendants' motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(1) requesting:  (1) substitution of the United States of America as the only party defendant in this matter, pursuant to the FTCA, and (2) dismissal of Plaintiffs' complaint for lack of subject-matter jurisdiction.  [ECF 3].  Plaintiffs have not filed a response in opposition, and the

time to do so has expired.[1]  The motion to dismiss is ripe for disposition.  For the reasons set forth herein, the motion is granted, and this matter is dismissed for lack of subject-matter jurisdiction.

**BACKGROUND**

When ruling on a motion to dismiss, a court must accept all well-pleaded facts in the complaint as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  The facts relevant to the motion to dismiss are summarized as follows:[2]

> On February 9, 2020, Plaintiff Eric Gordon was the driver of a commercial vehicle on 56th Street in Philadelphia, Pennsylvania, and Plaintiff Matthew Watson was the passenger.  At the same time, Defendant MD F. Mia was operating a vehicle owned by Defendant USPS on the same street.  Suddenly, Defendant Mia disregarded a stop sign, and the USPS vehicle rear-ended the commercial vehicle operated by Plaintiff Gordon.  As a result of the collision, Plaintiffs suffered severe, permanent physical injuries.

**LEGAL STANDARD**

Rule 12(b)(1) permits a defendant to challenge a civil action for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack.  *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  A facial attack "concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'"  *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (citations

---

[1] Under Local Rule of Civil Procedure 7.1(c), the Court may grant, as uncontested, a motion to dismiss to which no response was timely filed.  *See, e.g.*, *London v. United States Postal Service*, No. 18-cv-1390 (E.D. Pa. June 27, 2018) (Sanchez, J.) (granting as uncontested motion to dismiss FTCA claims in case removed under § 1442 where Defendant argued lack of subject-matter jurisdiction under the derivative jurisdiction doctrine); *Bartosiewicz v. Smith*, No. 17-cv-3723 (E.D. Pa. Oct. 18, 2017) (Brody, J.) (same).

[2] These facts are drawn from Plaintiffs' complaint.  [ECF 1-1].

omitted). When a defendant files a Rule 12(b)(1) motion prior to an answer, as is the case here, the motion will be considered a facial challenge to jurisdiction.[3] *Constitution Party*, 757 F.3d at 358. In reviewing a facial challenge that contests the sufficiency of the pleadings, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). The burden of establishing subject-matter jurisdiction rests with the party asserting its existence. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).

**DISCUSSION**

As noted, Defendants move to substitute the United States of America as the only party defendant, and dismiss Plaintiffs' complaint for lack of subject-matter jurisdiction. This Court will consider each argument in turn.

### *Substitution of the United States of America*

It is well-settled that the only proper defendant for claims brought under the FTCA is the United States of America, not the federal agency sued in its own name or individual federal employees sued in their official capacities. *See Bailey v. U.S. Marshals Serv. Headquarters*, 426 F. App'x 44, 45–46 (3d Cir. 2011) ("It is well established that the United States is the only proper defendant in an action brought under the FTCA."); *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA."). In light of this well-settled law, and in order to properly consider the present motion to dismiss, this Court will dismiss MD F. Mia and the United States Postal Service from this action and, in turn, substitute the United States of America in its place as the proper Defendant with

---

[3] Conversely, a factual challenge may occur at any stage of the proceedings. *Constitution Party*, 757 F.3d at 358 (citing *Mortensen*, 549 F.2d at 889–92).

respect to Plaintiffs' alleged FTCA claims. Accordingly, the Court will refer to the United States of America as "Defendant" throughout the remainder of this Opinion.

### *Subject-Matter Jurisdiction*

Defendant argues that Plaintiffs' claims must be dismissed because this Court lacks removal jurisdiction under the doctrine of "derivative jurisdiction." Under the derivative jurisdiction doctrine, the federal court to which a matter is removed from state court pursuant to § 1442 has no subject-matter jurisdiction if the state court lacked jurisdiction, even if the matter could have properly been originally brought in federal court. *Turturro v. Agusta Aerospace Corp.*, 2010 WL 3239199, at *2 (E.D. Pa. Aug. 13, 2010) (citing *Lambert Run Coal Co. v. Balt. & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922)); *see also Selvaggio v. Homer*, 42 F. Supp. 3d 732, 735 (E.D. Pa. 2014) (applying derivative jurisdiction doctrine and dismissing FTCA claim against employee of USPS removed pursuant to § 1442(a)(1)).

The FTCA "vests *exclusive jurisdiction* in the federal district courts over civil claims for damages arising out of negligent acts of federal employees acting within the scope of their employment." *Turturro*, 2010 WL 3239199, at *2 (citing 28 U.S.C. §§ 1346(b), 2671–80) (emphasis added). As such, the Philadelphia Court of Common Pleas lacked jurisdiction over the Plaintiffs' claims against Defendant before the case was removed to this Court. Under the doctrine of derivative jurisdiction, this Court also lacks subject-matter jurisdiction over this removed matter. *See id.* Accordingly, Plaintiffs' complaint is dismissed. However, the dismissal is without prejudice to Plaintiffs' right to timely file FTCA claims against Defendant in a separate federal district court action. *See Selvaggio*, 42 F. Supp. 3d at 735 (citing *McNeil v. United States*, 508 U.S. 106 (1993)).

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is granted. Accordingly, the United States of America is substituted as the only Defendant in this action, and Plaintiffs' claims against Defendant are dismissed, without prejudice, for lack of subject-matter jurisdiction. An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.